UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TEDDY LEWIS,

                              Plaintiff,

                                                      <u>DECISION AND ORDER</u>

                                                      05-CV-6432L

                              v.

A. ZON, S. SCHUMACHER, H. DEAN,
M. SEDER, W. MALONEY, R. SINDONI,
R. GROMLEY, L. PAUL, J. OWENS,
A. BATOR, J. BURGE, G. MC PARTLAND,
R. CERIO, M. TIRONE, D. LA CLAIRE,
A. BOUCAUD, D. HAUG, L. ADAMS-PEARY,
A. FRIEDMANN, R. WOOD, J. MC GINNIS,
J. LURENZ, G. GOORD, DR. L. WRIGHT,
NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES, JASON RYNKEWICZ,

All Defendants Sued In Their Individual Capacity,

                                         Defendants.
_____

      Plaintiff, an inmate at Auburn Correctional Facility ("Auburn"), brings this action pursuant to 42 U.S.C. §1983. Plaintiff claims that during his incarceration at Upstate Correctional Facility ("Upstate"), Downstate Correctional Facility ("Downstate"), Wende Correctional Facility, and Auburn, he has been denied certain religious accommodations and

accoutrements and compelled to accept a non-kosher diet, and that his religious materials have been desecrated, all in violation of constitutional and statutory law.

The state defendants now move to sever plaintiff's claims against two DOCS employees and nine employees of the Upstate and Downstate correctional facilities, on the grounds that Upstate and Downstate reside in the Northern District of New York, and Southern District of New York, respectively. (Dkt. #147). *See* 28 U.S.C. §1391 (a Section 1983 civil rights action may only be brought in, inter alia, the judicial district where any defendant resides, if all are located within the same state, or the district in which a substantial part of the events or omissions underlying the claim occurred); 28 U.S.C. §1406(a) (where venue is improper as to claims against some defendants, a district court has the discretion to dismiss those claims or transfer them to the appropriate district in the interest of justice). Specifically, of the approximately fifty DOCS employees named in the Second Amended Complaint, seven are Upstate employees, two are Downstate employees, and two, Commissioner Goord and Chief Medical Officer Wright, are employees of DOCS.

Plaintiff opposes the motion, arguing that, in the first instance, venue is properly situated in the Western District of New York. All of the defendants are New York residents and it is undisputed that thirty-six of the approximately fifty named individual defendants were residents of the Western District of New York at the time of the complained-of actions. *See* 28 U.S.C. §1391(b)(1). Furthermore, plaintiff urges that this matter should be venued in the Western District because a "substantial" portion of the events underlying the action – that is, the events that took place first, at Wende Correctional Facility – occurred in the Western District. *See* 28

U.S.C. §1391(b)(2). Finally, plaintiff argues that defendants have failed to meet their burden to demonstrate that severance of the claims concerning the Upstate and Downstate correctional facilities would better serve the interests of convenience and justice than trial of all of the issues in this forum. *See* Fed. R. Civ. Proc. 21; *O'Brien v. Goldstar Technology*, 812 F. Supp. 383, 386 (W.D.N.Y. 1993).

In ruling upon a motion to transfer, a court must consider both the interests of the parties, and the public interest. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). The parties' interest includes: (1) the deference due to the plaintiff's chosen forum; (2) the convenience of the parties and witnesses; (3) the relative ease of access to evidence and other sources of proof; (4) the availability of compulsory process to secure the attendance of witnesses; (5) the location of documents and other tangible evidence; (6) issues relating to the enforcement of any judgment obtained; and (7) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.*, *quoting Calavo Growers of California v. Generali Belgium*, 632 F.2d 963, 966-967 (2d Cir. 1980). The public interest includes the administrative challenges posed by congested court calendars, the interest in having controversies decided locally, and, in diversity cases, the interest in trying state-law matters in the state from which the governing law derives. *Gulf Oil Corp.*, 330 U.S. 501 at 508-509; *O'Brien*, 812 F. Supp. 383 at 386. "The plaintiff's choice of forum is entitled to considerable weight, and should not be disturbed unless the balance of [the relevant] factors is strongly in favor of the defendant." *O'Brien*, 812 F. Supp. 383 at 386.

Upon review of the motion papers and the grounds cited therein, I find that, even assuming *arguendo* that the Northern and/or Southern Districts are courts in which the case could

have originally been brought, severance of some of the plaintiff's claims and transfer of venue to those districts would be inappropriate. The plaintiff's claims against each of the defendants share a common nexus of law and fact, and although some of the allegations relating to alleged failures to accommodate plaintiff's religion are lodged solely against one correctional facility or the other, the bulk of plaintiff's claims center around whether two or more of the correctional facilities' alleged failures to issue food in its original packaging, to provide a kosher menu, to avoid transportation of the plaintiff on Passover, and/or to utilize the practice of using separate cutlery to prepare kosher and non-kosher food items, constitutes an actionable violation of plaintiff's rights pursuant to the Constitution or other federal laws. The relevant evidence will likely consist primarily of documentary evidence, expert witness reports, and other items readily subject to copying and electronic transfer. Furthermore, this matter presents no issues of state law, compulsory process for non-party witnesses or judgment enforceability which might bear upon the Court's analysis. In sum, trial of the plaintiff's claims in a single forum, rather than the three different fora proposed by the movants, will promote judicial economy and vitiate the need to engage in duplicative discovery and re-litigate many of plaintiff's claims. While trial of this matter will presumably require a minority of the defendants to travel to this district from elsewhere in the state, defendants make no allegation of prejudice or inconvenience, let alone a "clear showing" that parallel litigations in the Northern, Southern and Western Districts of New York "would be more convenient and would better serve the interests of justice" than a single trial of the matter here. *Ahern v. Northern Tech. Internat'l Corp.*, 206 F. Supp.2d 418, 421 (W.D.N.Y. 2002).

Defendants' motion to sever plaintiff's claims against certain of the defendants, and to transfer those claims to the Northern and Southern Districts of New York, (Dkt. #147) is hereby denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      May 14, 2009.